UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20893-CIV-LENARD/O'SULLIVAN

BAYPOINT OFFICE TOWER, INC.,

     Plaintiff,

v.

CHUBB CUSTOM INSURANCE
COMPANY,

     Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Remand (DE # 12, 3/21/12). This matter was referred to the undersigned by the Honorable Judge Lenard in accordance with 28 U.S.C. § 636(b) for a final Order on Motions to Remand (DE # 18, 4/9/12).  Accordingly, the undersigned issues the following Order.

## BACKGROUND

On or about January 5, 2012, the plaintiff filed an action in state court against the defendant. See Complaint at Exhibit A.  On March 5, 2012, the defendant filed a timely notice of removal based on diversity jurisdiction and the amount in controversy, and the case was removed to this Court. See Notice of Removal (DE# 1).

On March 21, 2012, the plaintiff filed the instant motion seeking to remand this case to state court. See the Plaintiff's Motion for Remand (DE # 12, 3/21/12). The defendant filed its response in opposition on April 9, 2012, (DE # 17).  The defendant filed the Affidavit of Mario Munoz together with the aforementioned response.  The

1

plaintiff moved to strike the affidavit.  The undersigned issued an Order denying the plaintiff's Motion to Strike the Affidavit of Mario Munoz on June 13, 2012 (DE # 24).

## ANALYSIS

The plaintiff seeks remand on the ground that the minimum amount in controversy requirement for diversity jurisdiction (i.e. $75,000.00) is not met and the case should be remanded to state court.  The defendant argues that the amount in controversy is met because the plaintiff's claimed damages likely exceed $75,000.00.  In support of the $75,000.00 amount in controversy, the defendant provided the affidavit of the insurance adjuster, Mario Munoz.  Mr. Munoz bases his opinion that the amount in controversy is likely to exceed $75,000.00, "on his experience and regularly used software."  Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Affidavit of Mario Munoz, (DE # 20, 4/30/12) at p. 1.  The plaintiff has provided no proof of the amount of the loss.

Federal jurisdiction based on diversity of citizenship exists where there is both complete diversity of citizenship and an amount in controversy exceeding $75,000.00.  See 28 U.S.C. § 1332. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).  The party seeking removal has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). In Roe v. Michelin North America, Inc., 613 F.3d 1058, 1063 (11th Cir. 2010), the Court explained that the Eleventh Circuit "ha[s] found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common

2

sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."

The plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand." Id. (citations omitted). The Eleventh Circuit recognizes that federal courts are directed to construe removal statues strictly and to resolve all doubts about jurisdiction in favor of remand to state court.  Univ. of S. Ala. v. Am. Tobacco, 168 F.3d 405, 411 (11th Cir. 1999)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

In ruling on a motion to remand, the Court looks to the complaint in determining whether the case could have been filed in federal court in the first place. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Where the allegations of the plaintiff's complaint do not adequately allege the amount in controversy, the Court may look to the petition for removal. Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). Beyond looking to the petition for removal, the Court may also review the record to find evidence or require from the parties evidence relevant to the amount in controversy at the time the case was removed. Williams v. Best Buy Company, Inc. at 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Here, the defendant asserts that the amount in controversy is satisfied because if the plaintiff sustained the loss that it claimed, the value of the loss would exceed

3

$75,000.00.  The affidavit of the insurance adjuster, Mario Munoz supports this notion, and the undersigned agrees, that the amount in controversy exceeds $75,000.00.  The plaintiff's claim for property stolen exceeds $75,000.00.

The defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. As such, diversity jurisdiction has been met.

## **RULING**

In accordance with the foregoing Order, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Remand (DE # 12, 3/21/12) is DENIED.

DONE AND ORDERED in Chambers, this 14th day of June, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record

4